UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SHAW, | No. 2:24-cv-02247 SCR P |
| Plaintiff, | |
| v. | ORDER |
| WOODS, et al., | |
| Defendants. | |

Plaintiff is incarcerated in state prison and proceeding with this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint is before the undersigned for screening. 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned finds the complaint states a cognizable Eighth Amendment failure-to-protect claim against defendant Cortina but no other cognizable claims. Plaintiff may proceed with his cognizable claim or file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action under 28 U.S.C. § 1915. He has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In

1

performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## PLAINTIFF'S COMPLAINT

Plaintiff is currently incarcerated in Kern Valley State Prison.  (ECF No. 1.)  The complaint does not specify the correctional facility where the events occurred.  It names three correctional officers as defendants: (1) A. Cortina; (2) A. Avilla; and (3) J. Guevarra.  (Id.)

Plaintiff alleges that on September 27, 2023, defendant Cortina witnessed another inmate punch plaintiff in the face and pull a knife but did nothing.  (ECF No. 1 at 2.)  Plaintiff grabbed a milk crate to defend himself.  The same inmate charged at plaintiff.  Plaintiff swung the milk crate in a defensive manner while backpedaling.  (Id. at 2-3.)  Plaintiff fell to the ground and the inmate got on top of him.  Defendant Cortina still did nothing.  (Id. at 3.)

The inmate began to stab plaintiff for five or six minutes before defendant Cortina fired a non-lethal weapon. (ECF No. 1 at 3.) Cortina later lied and said that plaintiff had instigated by hitting the other inmate with the milk create. (Id.) Defendants Avilla and Guevarra both lied and said they witnessed plaintiff and the inmate fighting so they sprayed plaintiff in the face with pepper spray. (Id.) Plaintiff alleges that he was on his back with the milk create between him and the inmate when they used pepper spray. They sprayed again when he ran toward them away from his alleged attacker. (Id.) Plaintiff claims the whole incident lasted thirteen minutes. He requests $110 million dollars and for the officers to be fired. (Id.)

## DISCUSSION

### I.     Defendant Cortina

Plaintiff does not identify any specific constitutional or federal statutory violations. However, given the allegations that Cortina did nothing in response to another inmate punching and brandishing a knife, the undersigned liberally construes the complaint as alleging that defendant Cortina failed to protect plaintiff in violation of the Eighth Amendment. See Sagana v. Tenorio, 384 F.3d 731, 736–37 (9th Cir. 2004) ("A party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case.").

The Eighth Amendment imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). This includes a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833. To state an Eighth Amendment claim based on a failure to protect, a plaintiff must allege that prison officials were "deliberately indifferent" to "conditions posing a substantial risk of serious harm." Id. at 834. A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013) (quoting Farmer, 511 U.S. at 847).

Here, plaintiff has plead sufficient facts to state a cognizable Eighth Amendment failure-to-protect claim. As alleged, defendant Cortina personally witnessed another inmate punch and stab plaintiff, yet did not intervene for several minutes. Accepting these allegations as true, Cortina had knowledge of obvious dangers facing plaintiff and an opportunity to intervene yet failed to take reasonable steps to do so. Accordingly, plaintiff may proceed with an Eighth Amendment failure-to-intervene claim against defendant Cortina.

## II.   Defendants Avilla and Guevarra

Given the crux of the allegations against Avilla and Guevarra concern their use of pepper spray, the undersigned construes the complaint as alleging they used excessive force in violation of the Eighth Amendment. The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which, in excessive force cases, has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force … the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992).

The Ninth Circuit applies a five-factor test to determine whether the force was excessive: (1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response. Hughes v. Rodriguez, 31 F.4th 1211, 1221 (9th Cir. 2022) (citing Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013)).

Here, plaintiff has not pled any facts from which to infer Avilla and Guevarra acted with malicious and sadistic intent. Even accepting as true that plaintiff was the victim and did not instigate the attack, plaintiff still alleges that defendants used pepper spray during an altercation in which the other inmate was on top of him with a knife. This circumstance supports the reasonable inference of a safety risk warranting at least some use of force. Further, plaintiff does not allege any injuries that would support an inference of excessive force.

Accordingly, plaintiff's complaint does not state a cognizable excessive force claim

against defendants Avilla or Guevarra. Plaintiff will be given leave to amend to allege facts demonstrating that defendants deployed pepper spray to maliciously and sadistically cause harm to plaintiff as opposed to a good-faith effort to maintain or restore discipline during a prison fight.

### III.     Venue

A civil action may be brought in a judicial district in which any defendant resides or in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte). Further, under Local Rule 120(f), a civil action that has not been commenced in the proper court may, on the court's own motion, be transferred to another venue within the district. However, sua sponte transfer for improper venue is warranted "only if it is clear that the plaintiff can allege no set of facts to support . . . venue." Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (citations and quotations omitted).

Here, it is not clear from the complaint where any defendant resides or where a substantial part of the events or omissions giving rise to the claims occurred. See 28 U.S.C. § 1391(b). Plaintiff is currently incarcerated in Kern Valley State Prison. If the underlying events occurred there, venue would be proper in the Eastern District's Fresno Division. See Local Rule 120(d). However, records from plaintiff's other § 1983 actions reflect that he was recently incarcerated at California State Prison-Sacramento.[1] See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004) (A court may examine facts outside the complaint to determine whether venue is proper). If the complaint's events occurred at that prison, venue would be proper here in the Sacramento Division. Id.

Because plaintiff could plausibly allege a set of facts to support venue in this Division, the undersigned will not transfer the action at this time. See Trujillo, 465 F.3d at 1217. **If plaintiff chooses to file an amended complaint, he must plead where the alleged violations of his**

---

[1] See, e.g., Shaw v. Woods, et al., 2:20-cv-1980 DB P (E.D. Cal.). The undersigned takes judicial notice of the existence of this action sua sponte. Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

5

**rights occurred**. If a substantial part of the events or omissions giving rise to the claims occurred within a county outside of the Sacramento Division, the undersigned will transfer this case to the proper jurisdiction pursuant to 28 U.S.C. § 1406(a) and/or Local Rule 120(f). Should plaintiff proceed with his claim, this screening order does not preclude defendants from moving to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3).

**OPTIONS FROM WHICH TO CHOOSE**

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid failure-to-intervene claim pursuant to the Eighth Amendment against defendant Cortina. However, the allegations in the complaint are not sufficient to state any claim for relief against defendants Avilla or Guevarra. As explained above, the complaint does not allege facts from which to infer that defendant Avilla or Guevarra used pepper spray with an intent to maliciously and sadistically cause plaintiff harm.

It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of filing an amended complaint. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 30 days from the date of this order.

**Option No. 1:** The first option available to plaintiff is to proceed immediately against defendant Cortina on the Eighth Amendment claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendants Avilla or Guevarra. The court will proceed to immediately serve the complaint and order a response from defendant Cortina.

**Option No. 2:** The second option available to plaintiff is to file an amended complaint to fix the problems described above against defendants Avilla and Guevarra. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).

1  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
2  connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,
3  588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official
4  participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,
5  268 (9th Cir. 1982) (citations omitted).

6      Plaintiff is also informed that the court will not refer to a prior pleading in order to make
7  his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an
8  amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)
9  (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir.
10  2012).  Therefore, in an amended complaint, every claim and every defendant must be included.
11  Finally, as emphasized above, in an amended complaint plaintiff must clearly allege where the
12  facts underlying the complaint occurred.  See 28 U.S.C. § 1391.

13  **CONCLUSION**

14      In accordance with the above, IT IS HEREBY ORDERED that:

15      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

16      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
17  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
18  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
19  appropriate agency filed concurrently herewith.

20      3.  Plaintiff's claims against defendants Avilla and Guevarra do not state claims for which
21  relief can be granted.

22      4.  Plaintiff has the option to proceed immediately on his cognizable Eighth Amendment
23  failure-to-protect claim against defendant Cortina as set forth above, or to file an amended
24  complaint.

25      5.  Within thirty (30) days from the date of this order, plaintiff shall complete and return
26  the attached Notice of Election form notifying the court whether he wants to proceed on the
27  screened complaint or whether he wants to file an amended complaint.

28      6.  If plaintiff does not return the form, the court will assume that he is choosing to

7

proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Avilla and Guevarra.

DATED: September 29, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SHAW,<br><br>              Plaintiff,<br><br>      v.<br><br>A. CORTINA, et al.,<br><br>              Defendants. | No.  2:24-cv-02247 SCR P<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his Eighth Amendment failure-to-protect claim against defendant Cortina without amending the complaint.  Plaintiff understands that by choosing this option, the remaining defendants will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants time to file an amended complaint.

DATED:_____       _____

William Shaw
Plaintiff pro se

1